**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SHAN D. PRATHER, | ) |
|        Plaintiff, | ) |
| vs. | )     CASE NO. CIV-12-1226-R |
| PAYNE COUNTY SHERIFF'S OFFICE, et al., | ) |
|        Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, has brought this action purporting to seek relief pursuant to 42 U.S.C. §1983 for the alleged violation of his constitutional rights. United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B) and (C).

Upon initial review of Plaintiff's complaint, the undersigned entered the following order which is repeated in its entirety, footnotes included, and made a part of this report:

## ORDER TO SHOW CAUSE

Before seeking to file the above-captioned action, Plaintiff had filed approximately forty (40) other cases in this court. In twenty-nine (29) of those cases,[1] the court notified Plaintiff that in order for his action to proceed, he must either pay the $350 filing fee or be

---

[1] Plaintiff did not sign his complaint in Case No. CIV-12-1122-R, and the court ordered him to cure that deficiency [Doc. No. 5]. Plaintiff's failure to deal with the filing fee issue in that case has not been addressed because he failed to cure the signature deficiency, and dismissal has been recommended [Doc. No. 6].

granted leave to proceed without prepayment of the fee.[2] In eight (8) subsequently filed cases,[3] Plaintiff's failure to pay the filing fee or to seek leave to proceed without prepayment of that fee was brought to his attention through show cause orders. Accordingly, Plaintiff is now, without question, aware of this requirement. Nonetheless, he has sought to file the instant action, once again, without the requisite fee or motion. As a consequence, this court is, once again, forced to utilize its resources in order to alert Plaintiff to a requirement of which he is fully knowledgeable but has chosen to ignore.

In addition, before Plaintiff sought to file the above-captioned action, the undersigned had recommended dismissal in Case Nos. CIV-12-917-R [Doc. No. 9],[4] CIV-12-953-R [Doc.

---

[2]*See* Case Nos. CIV-12-875-R [Doc. No. 4]; CIV-12-887-R [Doc. No. 6]; CIV-12-917-R [Doc. No. 5]; CIV-12-945-R [Doc. No. 4]; CIV-12-951-R [Doc. No. 4]; CIV-12-952-R [Doc. No. 5]; CIV-12-953-R [Doc. No. 5]; CIV-12-961-R [Doc. No. 5]; CIV-12-962-R [Doc. No. 5]; CIV-12-963-R [Doc. No. 4]; CIV-12-964-R [Doc. No. 5]; CIV-12-1004-R [Doc. No. 5]; CIV-12-1005-R [Doc. No. 4]; CIV-12-1006-R [Doc. No. 5]; CIV-12-1007-R [Doc. No. 5]; CIV-12-1008-R [Doc. No. 5]; CIV-12-1009-R [Doc. No. 5]; CIV-12-1010-R [Doc. No. 5]; CIV-12-1011-R [Doc. No. 4]; CIV-12-1012-R [Doc. No. 5]; CIV-12-1013-R [Doc. No. 5]; CIV-12-1014-R [Doc. No. 5]; CIV-12-1015-R [Doc. No. 5]; CIV-12-1016-R [Doc. No. 5]; CIV-12-1017-R [Doc. No. 5]; CIV-12-1018-R [Doc. No. 6]; CIV-12-1020-R [Doc. No. 6]; CIV-12-1072-R [Doc. No. 5]; and, CIV-12-1121-R [Doc. No. 5].

[3]*See* Case Nos. CIV-12–1147-R [Doc. No. 5]; CIV-12-1148-R [Doc. No. 5]; CIV-12-1149-R [Doc. No. 5]; CIV-12-1150-R [Doc. No. 5]; CIV-12-1151[Doc. No. 5]; CIV-12-1183-R [Doc. No. 5]; 12-1184-R [Doc. No. 5]; and, CIV-12-1185-R.

[4]This recommendation was adopted by United States District Judge David L. Russell before Plaintiff sought to file this new complaint [Doc. No. 10].

No. 6],[5] CIV-12-952-R [Doc. No. 9],[6] CIV-12-963-R [Doc. No. 7],[7] CIV-12-875-R [Doc. No. 10], CIV-12-945-R [Doc. No. 8]; CIV-12-951-R [Doc. No. 9]; CIV-12-964-R [Doc. No. 9]; CIV-12-887-R [Doc. No. 11]; and, CIV-12-962-R [Doc. No. 9]. Plaintiff was made aware through those recommended dismissals that he could not state a valid claim for relief unless he pleads facts which show what a named defendant allegedly did or failed to do to cause him the alleged constitutional harm. *Id.* Nonetheless, Plaintiff has, once again, sought to file the instant complaint in which he, once again, fails to explain in what manner he maintains the named defendants violated his constitutional rights. Once again, he simply lists various topics and concludes that his constitutional rights have been violated but does not state facts to show what allegedly happened to him and what individual allegedly did it. Neither does Plaintiff supply meaningful dates.

Accordingly, because he is making no discernable effort to correct the errors which, as the foregoing demonstrates, have been carefully pointed out to him, Plaintiff is directed to show cause by Monday, December 3, 2012, why this complaint should not be summarily dismissed. Plaintiff is specifically cautioned that a belated payment of the $350 filing fee or submission of an application to proceed without prepayment of the fee will not suffice as a

---

[5]This recommendation was adopted by United States District Judge David L. Russell before Plaintiff sought to file this new complaint [Doc. No. 8].

[6]This recommendation was adopted by United States District Judge David L. Russell before Plaintiff sought to file this new complaint [Doc. No. 11].

[7]This recommendation was adopted by United States District Judge David L. Russell before Plaintiff sought to file this new complaint [Doc. No. 8].

showing of cause.

Order to Show Cause [Doc. No. 5].

* * *

A review of the court file reveals that as of this date Plaintiff has not responded to this court's order. He has not cured the deficiencies, shown good cause for his failure to do so, or requested an extension of time to comply with the order. The undersigned finds that Plaintiff's failure to comply with this court's order together with the court's right and responsibility to manage and control its case load, warrants dismissal of this action without prejudice. *See Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe County Justice Center*, 492 F.3d 1158, 1161 n. 2, 1162 (10th Cir. 2007) (sua sponte dismissal for failure to comply with court's order permitted under federal rule, and court need not follow any particular procedures in dismissing action without prejudice for failure to comply).

**It is further noted that Plaintiff has now been placed on notice in eight (8) newly filed cases in this court that he has accumulated three strikes pursuant to the provisions of 28 U.S.C. § 1915.** *See, e.g, Prather v. Bureau of Alcohol Tobacco Firearms and Explosives,* **CIV-12-1369-R [Doc. No. 5].**

### RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Therefore, it is the recommendation of the undersigned that Plaintiff's action be dismissed without prejudice to refiling. Any objection to this Report and Recommendation must be filed with the Clerk of this Court on or before the 9th day of January, 2013, in

accordance with 28 U. S. C. §636 and Federal Rule of Civil Procedure 72.  Failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both the factual findings and the legal issues decided herein.  *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in the captioned matter.

ENTERED this 20th day of December, 2012.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE